**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elijah Muhammad (a/k/a Charles Muhammad); et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>Phoenix Police Department; et al.,<br><br>    Defendants. | No. CV 08-267-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Plaintiff's seeming request for a domestic violence restraining order against the Phoenix Police Department (Doc. #5). This Court does not have jurisdiction to enter "injunction and forfeiture for civil and criminal activity and seizure to prevent domestic violence" against the Phoenix Police Department. Therefore this request will be denied. This request will be denied for the additional reason that it is filed by "Charles Caston" who, as far as the Court can tell, is not a party to this case.[1]

Additionally, pending before this Court is a request to proceed in forma pauperis filed by Charles Caston. From this pleading it would appear that Charles Caston is an aka of Elijah Muhammad, though there is no indication of this alias in the original complaint. In determining whether in forma pauperis status is appropriate, the Court may screen the

---

[1] In this filing, Mr. Caston claims to be the son of Elijah Muhammad, the named Plaintiff herein. Doc. #5, page 4.

complaint pursuant to 28 U.S.C. § 1915(e)(2).

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.
> "[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

In this case, the complaint states in total: "The Defendant violated the Fourth Amendment. The Defendant violated the Fifth Amendment. The Defendant violated the Sixth Amendment. The Defendant violated the Eighth Amendment." This complaint is insufficient to state a claim. Specifically,

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")... .

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 -65 (2007).

In this case, no facts are alleged as to any of the five named plaintiffs or any of the 17 named defendants. Thus, it fails to state a claim. Additionally, this complaint is signed by "Charles X" who is not listed as a party above. Finally, assuming Charles is not a lawyer,

- 2 -

1  he can not represent any of the other plaintiffs before this Court. *See Pope Equity Trust v.*
2  *U.S.*, 818 F.2d 696, 697-98 (9th Cir. 1987).

3  Normally, at this point, the Court would give Charles an opportunity to amend to
4  attempt to cure his failure to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1128-29 (9th Cir.
5  2000). However, as indicated above, this Court can dismiss a complaint when Plaintiff's
6  allegations are in the category of "the irrational or wholly incredible." *See Denton v.*
7  *Hernandez*, 504 U.S. 25, 33 (1992) (dismissal also appropriate when the facts alleged are
8  "clearly baseless," "fanciful," "fantastic," and/or "delusional."). In his "Injunction and
9  forfeiture for civil and criminal activity and seizure to prevent domestic violence," Charles
10 Caston (which may or may not be an aka of Elijah Muhammad):

> The U.S. secret service are hiding behind the Phoenix Police, I have a computer chip which controls my nine major organs, penis, colon, heart, brain eyes, kidney, hearing, memory, they burn my feet, make my hear [sic] hurt, make me piss my self; shit on myself!?

Doc. #5, page 4. The filing also says,

> I have been stalked raped, attacked by the U.S. Reserves, protected by the Police of this country, I was beat down in Sacramento, I was forced out of Las Vegas, my apartment was broken into 20 times in four months I was kidnapped 28 times in Las Vegas, I an Elijah Muhammad's son, he was a trillionaire, I am homeless. I have had U.S. Secret Service Protection all my life, I wrote one page restraining for the police, it was stolen in Las Vegas, I wanted $1000.00 for its use with permission, $10,000.00 if stolen.

*Id.*

With these types of allegations underlying the very general allegations in the complaint, the Court finds this case to be premised on facts which are fanciful, fantastic and delusional. *See Denton*, 504 U.S. at 33. Accordingly, leave to amend will not be granted. Therefore,

**IT IS ORDERED** that the Motion filed at Doc. #5 is denied.

**IT IS FURTHER ORDERED** that the Motion to proceed in forma pauperis (Doc. #4) is denied.

/ / /

- 3 -

1  **IT IS FURTHER ORDERED** that the complaint in this case is dismissed and the
2  Clerk of the Court shall enter judgment accordingly.
3  DATED this 13th day of February, 2008.

4
5
6          James A. Teilborg
            United States District Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28